IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---

**MONIKA STAFFORD** *and* **HANNAH DAUGHERTY,** *Individually, and on behalf of themselves and others similarly situated,*

Plaintiffs,

v.

**PSYCHIATRIC SERVICES OF EAST TENNESSEE, LLC.,** and **GEORGE MASSENGILL,** Individually

Defendants,

**Civil Case No. _____**

**FLSA** Opt-In Collective Action
**JURY TRIAL DEMANDED**

---

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs, Monika Stafford and Hannah Daugherty ("Plaintiffs"), on behalf of themselves, individually, and on behalf of themselves and others similarly situated as a class, file this Collective Action Complaint, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Psychiatric Services of East Tennessee, LLC, and George Massengill, individually ("Defendants") on behalf of Plaintiffs and all similarly situated hourly-paid housing staff members, a/k/a "House Moms" and "House Dads", whose minimum wages and overtime compensation were offset and reduced by Defendants' unlawful and wrongful use of FLSA Section 203(m) credits during the past three (3) years. Plaintiffs and the putative class seek damages for unpaid minimum wage and overtime

wage claims.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs performed work for Defendants in this district, and Defendants have conducted, and continue to conduct, a business within this district during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims, and this action occurred within this district.

## III. PARTIES

4. Defendant Psychiatric Services of East Tennessee, LLC is a Tennessee limited liability company with offices at 744 Tell Street, Suite 100, Athens, Tennessee 37303, as well as at 9217 Parkwest Blvd., Knoxville, Tennessee 37923 and 201 Prosperity Drive, Knoxville, Tennessee 37923.

5. Defendant George Massengill is an owner and manager of Psychiatric Services of East Tennessee, LLC with offices at 744 Tell Street, Suite 100, Athens, Tennessee 37303 as well as at 9217 Parkwest Blvd., Knoxville, Tennessee 37923 and 201 Prosperity Drive, Knoxville, Tennessee 37923.

6. Plaintiff Monika Stafford worked as an hourly-paid housing staff member for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Stafford's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

7. Plaintiff Hannah Daugherty worked as an hourly-paid housing staff member for

Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Daugherty's Consent to Join this Collective Action is attached hereto as *Exhibit B*.

8. Defendants have been Plaintiffs' "employer" as that term is defined under the FLSA during all times material to this action.

9. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.A. § 203(r).

## IV. FACTUAL BASIS FOR SUIT

10. Defendant Psychiatric Services of East Tennessee, LLC., sometimes referred to as Evolve Addition Treatment (Athens) and/or Evolve Behavioral Health (Athens) has several additional treatment centers for recovering drug addicts throughout the State of Tennessee, including, *inter alia*, in Athens, Knoxville, Smithville, Chattanooga, Smyrna, Jackson, Crossville, Lafollette, Louisville and Lebanon, Tennessee.

11. Plaintiffs have been employed by Defendants within the last three (3) years.

12. At all times relevant to this action, Plaintiffs and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and performed work for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

13. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs and other similarly situated hourly-paid housing staff members also have engaged in commerce and the production of goods for commerce on behalf of Defendants during the applicable statutory period.

14. Defendant George Massengill has been an owner and manager of Defendant Psychiatric Services of East Tennessee, LLC, and was responsible for the implementation and administration of Defendants' pay and timekeeping plans and practices during all times material to this collective action.

15. Defendants had a common plan and practice of unlawfully applying unrealistic FLSA Section 203(m) credits for lodging against the wages of Plaintiffs and those similarly situated.

16. Plaintiffs and others similarly situated hourly-paid housing staff members performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such time at the applicable FLSA minimum wage and overtime rates of pay.

17. For example, Plaintiffs and those similarly situated routinely performed duties for Defendants in excess of 15 hours per daily shift, seven days a week, at Defendants' client housing in this district but were paid only between $75.00 and $100.00 per week for their compensable work time, amounting to less than the required FLSA minimum wage and overtime rates of pay within weekly pay periods during all times material herein.

18. They were responsible for up to 18 recovering clients (patients) who were lodged at the house in which they were responsible for such clients 24 hours a day, seven days per week, during all times material to this action. They were required to wake each client early in the morning and were responsible for their safety and health through the day and night. Typically, clients did not retire for the evening until around 10:00 p.m.

19. The daily tasks of Plaintiffs and those similarly situated began each day with administering medications, individually at a time, to some 18 recovering clients who resided at the same

drug addict lodging as Plaintiffs resided. The next task was to transport such clients in small groups to their respective schools and then be "on call" and wait until time to pick up such clients and return them in small groups to their respective houses, and then, once again, administer medications, individually at a time, to such clients.

20. Plaintiffs and those similarly situated could not leave their respective houses except for the time transporting clients to and from their schools or other locations, such as to attend AA meetings, take clients to doctor's appointments, etc., 24 hours a day, seven days a week.

21. They were either administering medications, transporting patients, or "on call" to attend to every need of the clients for whom they were responsible in excess of 15 hours per day, seven days a week within weekly pay periods during all times material to this action.

22. Defendants were taking a credit against the wages, including overtime wages, of Plaintiffs and those similarly situated for their lodging under 29 U.S.C. 203(m).

23. However, Defendants were not entitled to apply a Section 203(m) credit against the wages of Plaintiffs and those similarly situated because, *inter alia*:

    (a) Defendant failed to maintain adequate and accurate records of the costs incurred in providing such lodging;

    (b) The Section 203(m) credit applied by Defendants against the wages of Plaintiffs and those similarly situated far exceeded the value of such lodging; and,

    (c) The lodging provided to Plaintiffs and those similarly situated were for the benefit of Defendants rather than for the benefit of Plaintiffs and those similarly situated. (For example, Plaintiffs were required to remain at their respective houses each day except for the time in transporting patients to and from schools and other locations seven days a week, within weekly pay periods during all times material.)

24. Defendants knew they were not compensating Plaintiff and those similarly situated for their compensable straight and overtime work at the applicable FLSA minimum and overtime rates of pay within weekly pay periods during all time material to this action.

25. However, Defendants failed to record into their timekeeping system and compensate Plaintiffs and those similarly situated for all their compensable work time, including their overtime.

26. The unpaid wage claims of the Plaintiffs and those similarly situated are unified through common theories of Defendant's FLSA violations.

27. Defendants' common plan and practice of not compensating Plaintiffs and those similarly situated for all their compensable hours of work at the applicable FLSA minimum wage and overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

28. Defendants failed to properly record all hours of work of Plaintiffs and those similarly situated as required by 29 C.F.R. §516.2(a)(7).

29. Defendant willfully (and with reckless disregard to established FLSA principles) failed to compensate Plaintiff and those similarly situated for all their compensable time at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times material to this action, as required by the FLSA,

30. Defendants do not have a good faith basis for such failure.

31. Defendants' common plan and practice of not compensating Plaintiffs and those similarly situated for all their compensable times at the applicable FLSA minimum wage and overtime rates of pay violated 29 U.S.C. § 207(a)(1).

32. As a result of the Defendants' willful failure to pay Plaintiffs and those similarly situated in compliance with the FLSA, they have suffered lost wages as well as other damages.

33. The net effect of Defendants' common plan and practice of not compensating Plaintiffs and those similarly situated for their compensable time is that Defendants have unjustly enriched themselves, and have enjoyed ill-gained profits at the expense of Plaintiffs and those similarly situated.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs bring this lawsuit as a collective action on behalf of themselves and similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid minimum wages, overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

35. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid housing staff members (a/k/a "House Moms" and "House Dads") of Defendants whose wages were offset and reduced by Defendants' improper use of FLSA Section 203(m) credits for lodging - which resulted in unpaid minimum wages and overtime compensation owed them - occurring anywhere in the United States within the three (3) years preceding the filing of this action ("Class Members").[1]

36. Plaintiffs seek to pursue their unpaid minimum wage and overtime wage claims against Defendants on behalf of themselves, individually, and on behalf of themselves and others similarly situated as a class.

37. Plaintiffs and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay them for all hours worked at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all time material, as required by the FLSA.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

38. This action is properly maintained as a collective action because the Plaintiffs are similarly situated to the members of the collective class with respect to Defendants' timekeeping, pay, and compensation plans and practices.

39. Plaintiffs are similarly situated to the members of the class because their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

40. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and/or substantially impair the ability of class members to protect their interests.

41. Plaintiffs will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members, i.e., to pursue their unpaid wage claims, as previously described.

42. Counsel for Plaintiffs will adequately protect their interests as well as the interests of all putative class members.

43. Defendants knew the Plaintiffs and class members performed work that required minimum wages and overtime compensation to be paid. Nonetheless, Defendants operated under a common plan and practice to deprive them of such FLSA-required minimum wages and overtime compensation.

44. Defendants' conduct, as alleged herein, was willful with reckless disregard to established FLSA requirements that have caused significant damage to Plaintiffs and class members.

45. Defendant's conduct was not in good faith by its failure to compensate Plaintiffs and class

members for all their compensable work time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this collective action.

46. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their unpaid wage claims.

47. Plaintiffs request this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wage and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

48. Plaintiffs estimate there are more than 50 members in the collective class. The precise number of class members can be easily ascertained by examining the Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, text messages, e-mail, and by posting a notice in all of the Defendants' facilities.

49. Plaintiffs' and class members' unpaid minimum wage and overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel, and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

50. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

51. At all relative times, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

52. At all relevant times, Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiffs and each of the class members consistent with the terms of the FLSA.

54. Plaintiffs and class members were "employees" of Defendants within the meaning of the FLSA's minimum wage and overtime wage requirements during all times relevant.

55. Plaintiff and other class members are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b) during all relevant times.

56. As a result of the Defendants' common plan and practice of wrongfully and unlawfully applying for Section 203(M) credits against the wages of Plaintiff and class members, as previously addressed, they have violated the minimum wage and overtime requirements of the FLSA.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

58. Through its actions, plans, and practices Defendants have violated, and continue to violate, the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all their compensable work time at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times relevant.

59. Defendants' actions were willful with reckless disregard to clearly defined FLSA established principles.

60. Defendants' actions were devoid of a good faith basis.

61. The unpaid wage claims of the Plaintiffs and the class are unified through common theories of Defendants' FLSA violations.

62. As a direct and proximate cause of the Defendants' unlawful conduct, Plaintiffs and class members have suffered and will continue to suffer a loss of income and other damages.

63. Therefore, Defendants are liable to Plaintiffs and the class for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and similarly situated employees all unpaid minimum wage and overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

d) Award Plaintiffs and class members prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiffs and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiffs and the class may be entitled; and

k) Provide further relief as the Court deems it just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 15, 2023.  Respectfully Submitted,

 */s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BRP #12123)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS AND FOR OTHERS SIMILARLY SITUATED***