UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MONIKA STAFFORD, *individually and on behalf of others similarly situated, et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> PSYCHIATRIC SERVICES OF EAST TENNESSEE, LLC, *et al.*, <br><br> *Defendants.* | No. 3:23-CV-209 <br><br> Judge Collier <br> Magistrate Judge McCook |

# MEMORANDUM & ORDER

On September 4, 2024, the Court ordered Plaintiffs, Monika Stafford, Hannah Daugherty, and Nicole Menard, to show cause within seven days why the Court should not dismiss their action under Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 28.) Plaintiffs responded on September 11, 2024. (Doc. 30.)

## I. BACKGROUND

Plaintiffs Stafford and Daugherty filed their original collective-action complaint against Defendants Psychiatric Services of East Tennessee, LLC, and George Massengill under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, on June 15, 2023. (Doc. 1.) Plaintiff Menard consented to join as an opt-in plaintiff on August 24, 2023. (Doc. 6.) Plaintiffs filed an amended complaint on October 5, 2023, adding Defendants Recovery Staffing, Inc., and James R. Stubblefield and dropping Defendant Massengill as a party. (Doc. 9.) Plaintiffs allege that they are housing staff members of Defendants whose compensation has violated the FLSA because Defendants have applied unrealistic housing credits against their minimum and overtime wages. (*See, e.g.*, *id.* ¶¶ 25–26.)

Since filing the complaint, Plaintiffs have repeatedly failed to move their case forward as required by the Federal Rules of Civil Procedure until prompted by the Court in a series of five show-cause orders. Plaintiffs failed to serve process within the ninety days allowed under Rule 4(m). (*See* Doc. 7 [October 3, 2023, Show Cause Order].) They failed to file a motion to extend the service deadline. (*See* Doc. 11 [October 31, 2023, Show Cause Order].) They failed to move for entry of default under Rule 55(a). (*See* Doc. 17 [November 27, 2023, Show Cause Order].) They failed to move for default judgment after obtaining entry of default. (*See* Doc. 24 [February 13, 2024, Show Cause Order].) After the Court denied their motion for default judgment under Rule 55(b)(1) because their claim was not for a sum certain, Plaintiffs failed to move for a default judgment under Rule 55(b)(2). (*See* Doc. 28 [September 4, 2024, Show Cause Order].) In each of these five show-cause orders, the Court warned Plaintiffs that dismissal of their action was possible. (Docs. 7 at 1, 11 at 1, 17 at 1, 24 at 1, & 28 at 1.)

In the most recent instance, the Court denied Plaintiffs' Rule 55(b)(1) motion on June 24, 2024, stating that the denial was without prejudice to the filing of a new motion under Rule 55(b)(2) and "invit[ing] Plaintiffs' attention to the information that will be necessary for the Court to compute Plaintiffs' damages and to assess the reasonableness of Plaintiffs' requested attorney's fees." (Doc. 27 at 2.) More than two months passed without a filing by Plaintiffs. On September 4, 2024, the Court noted this failure and gave Plaintiffs seven days to show cause why their case should not be dismissed with prejudice under Rule 41(b).[1] (Doc. 28.) On September 11, 2024, Plaintiffs filed a motion for default judgment under Rule 55(b)(2) (Doc. 29) and a response to the Show Cause Order (Doc. 30). The substance of their show-cause response is as follows:

> Plaintiffs, pursuant to Court Order, have now filed a Motion for Default Judgment under Rule 55(b)(2) (ECF 29). This filing is intended to address the

---

[1] The Court's previous show-cause orders offered alternative actions Plaintiffs could take to avoid dismissal of their complaint. (*See* Docs. 7 at 1, 11 at 1, 17 at 1, & 24 at 1.)

> Court's concerns in both the Court's Order Deny [sic] Motion for Default Judgment (ECF 27) and the Court's Show Cause Order (ECF 28).
>
> As Plaintiffs have attempted to rectify the existing shortcomings of their previous attempts at obtaining a default judgment, they respectfully request that the Show Cause Order be discharged and that Plaintiffs be allowed to proceed accordingly.

(Doc. 30 at 1.) Plaintiffs do not explain their delay in filing the Rule 55(b)(2) motion or otherwise address the relevant factors regarding dismissal under Rule 41(b). (*See id.*)

## II.  STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," either upon the defendant's motion or on its own initiative. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). The Court must consider four factors in determining whether to exercise its discretion to dismiss a case for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704. Dismissal of a case with prejudice is a harsh sanction which should apply only in extreme situations because it deprives a plaintiff of his or her day in court. *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Such a sanction is not usually appropriate where the neglect at issue is the fault of an attorney, rather than of the client. *Id.*

## III.  DISCUSSION

The Court considers each of the four factors relevant to dismissal under Rule 41(b) in turn below.

### A. Willfulness, Bad Faith, or Fault

To support a finding of willfulness, bad faith, or fault, there must be "a clear record of delay or contumacious conduct." *Carpenter*, 723 F.3d at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is behavior which is "perverse in resisting authority" and "stubbornly disobedient." *Id.* at 704–05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). Such behavior must display "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [such] conduct on those proceedings." *Id.* at 705 (quoting *Wu*, 420 F.3d at 643).

Plaintiffs have a clear record of delay and contumacious conduct. They have repeatedly failed to prosecute their case as required by the Federal Rules of Civil Procedure, requiring the Court to issue no fewer than five show-cause orders to move the case through the initial procedural stages. (*See* Docs. 7, 11, 17, 24, & 28.) Exacerbating matters, Plaintiffs have offered no explanation for their latest delay in filing. (*Compare* Doc. 30 *with* Doc. 8 at 1 (explaining delay was due to staff changes at counsel's firm), Doc. 12 at 1 (explaining delay was due to naming new defendants), & Doc. 25 at 1–2 (explaining delay was due to calculating damages without access to Defendants' timekeeping records).) Plaintiffs have shown at least reckless disregard for the effect of their failure to prosecute on these proceedings. The Court therefore **FINDS** there has been willfulness, bad faith, or fault under the first factor.

### B. Prejudice

A plaintiff's dilatory conduct prejudices a defendant "if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368

4

(6th Cir. 1997). Defendants have not appeared in this matter. The Court accordingly **FINDS** there has been no prejudice to Defendants under the second factor.

C.  Notice

Each of the Court's five show-cause orders explicitly warned Plaintiffs of the possibility of dismissal of their action. (Docs. 7 at 1, 11 at 1, 17 at 1, 24 at 1, & 28 at 1.) Most recently, the Court warned Plaintiffs of the possibility of dismissal of their action with prejudice. (Doc. 28 at 1.) The Court accordingly **FINDS** there was sufficient notice to Plaintiffs under the third factor.

D.  Lesser Sanctions

Before dismissing a case with prejudice for failure to prosecute, a court should consider whether lesser sanctions would better serve the interests of justice. *Carpenter*, 723 F.3d at 709 (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983)). "[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (emphasis in original) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001)). Possible lesser sanctions include monetary sanctions such as a fine, costs, or damages; barring a party from introducing certain evidence or participating in oral argument on a motion; additional warnings; or dismissal without prejudice. *See, e.g.*, *Carpenter*, 723 F.3d at 709.

Lesser available sanctions would serve the interests of justice better than a dismissal of Plaintiffs' case with prejudice. First, Plaintiffs are represented by counsel and are not proceeding as indigent, making monetary sanctions a potentially effective option. Second, although the Court's previous warnings have been ineffective to impress on Plaintiffs' counsel the need for prompt and diligent action in this case, the Court is hopeful that the sterner warning of this Memorandum and Order will be effective. Third, dismissal of the case without prejudice would

5

Case 3:23-cv-00209-CLC-JEM   Document 31   Filed 09/13/24   Page 5 of 6   PageID #: 106

be an appropriate sanction in light of the lack of prejudice to Defendants. Fourth, because the neglect at issue appears to be the fault of counsel rather than of Plaintiffs themselves, depriving Plaintiffs of their day in court by dismissing this action with prejudice would be an unduly harsh penalty under the circumstances presented here. *See Carpenter*, 723 F.3d at 704. The Court therefore **FINDS** the availability of other potential sanctions weighs against a dismissal with prejudice at this time.

## IV. <u>CONCLUSION</u>

Factors one and three weigh in favor of dismissal of Plaintiffs' case with prejudice. Factors two and four weigh against it. The Court accordingly finds that a dismissal with prejudice is not appropriate as a sanction at this time. The Court **WARNS** Plaintiffs that further delay or contumacious conduct may result in sanctions, up to and including dismissal of their action with prejudice.

**SO ORDERED.**

**ENTER:**

<u>/s/</u>
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**