UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MONIKA STAFFORD, individually and on behalf of others similarly situated, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:23-CV-209-CLC-JEM |
| PSYCHIATRIC SERVICES OF EAST TENNESSEE, LLC, RECOVERY STAFFING, INC., and JAMES R. STUBBLEFIELD, | ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 32] by the District Judge.

Now before the Court is Plaintiffs' Motion for Entry of Default Judgment [Doc. 29]. On September 18, 2024, the undersigned entered an Order to Show Cause directing Defendants to appear before the Court on October 24, 2024, to show cause why Plaintiffs' motion should not be granted [Doc. 33]. On October 24, 2024, Attorney John Leatherwood appeared on behalf of Plaintiffs. Defendants did not appear. For the reasons explained below, the Court **RECOMMENDS** that the District Judge **DENY WITHOUT PREJUDICE** Plaintiffs' motion [**Doc. 29**].

I.  **BACKGROUND**

Plaintiffs filed a Complaint on June 15, 2023 [Doc. 1]. On August 28, 2023, Plaintiffs filed Nicole Menard's Notice of Consent to Join as Opt-in Plaintiff [Doc. 6]. A few months later, on October 5, 2023, Plaintiffs filed the First Amended Multi-Plaintiff Action Complaint ("Amended

Complaint"), alleging violations of the Fair Labor Standards Act ("FLSA") [Doc. 9 ¶ 1]. The Amended Complaint names Monika Stafford and Hannah Daugherty as Plaintiffs who also represent similarly situated plaintiffs [*Id*. at 1]. It does not include Nicole Menard [*Id*.].

According to the allegations in the Amended Complaint, Defendant Psychiatric Services, LLC ("Psychiatric Services") "has several treatment centers for recovering drug addicts throughout the State of Tennessee" [*Id*. ¶ 12]. "Defendant Recovery Staffing, Inc. provides staffing for Defendant Psychiatric Services" [*Id*. ¶ 13]. Plaintiffs allege that "Defendant James R. Stubblefield has been an owner and manager of Defendant Recovery Staffing, Inc. and was responsible for the implementation and administration of Defendants' pay and time keeping plans and practices during all times material to this multi-plaintiff action" [*Id*. ¶ 17]. Defendants are Plaintiffs' joint employers that "constitute an integrated enterprise" [*Id*. ¶¶ 9–10].

Plaintiffs aver that they are "hourly-paid housing staff members" [*Id*. ¶ 1]. Although they worked in excess of forty hours per week, Defendants did not pay them at the applicable FLSA minimum wage or overtime rate [*Id*. ¶ 19]. Plaintiffs claim that they "routinely performed duties for Defendants in excess of 15 hours per daily shift, seven days a week, at a Defendants' drug addict housing in this district but were only paid between $75.00 and $100 per week for their compensable work time, amounting to less than the required FLSA minimum wage and overtime rates of pay within weekly pay periods" [*Id*. ¶ 20]. Plaintiffs state that they "were responsible for 18 recovering clients (patients) who were lodged at each of their respective houses . . . for . . . 24 hours a day, seven days per week" [*Id*. ¶ 21]. They explain that they "were required to wake each client early in the morning and were responsible for their safety and health throughout day and night. Typically, clients did not retire for the evening until around 10:00 p.m." [*Id*.].

According to the allegations in the Amended Complaint, Plaintiffs' daily tasks began with administering medication to the clients, "who resided at the same recovery lodging as Plaintiffs resided" [*Id.* ¶ 22]. Plaintiffs were responsible for transporting clients to school, but while the clients were at school, Plaintiffs were "on call" [*Id.*]. After transporting the clients back to their respective houses, Plaintiffs had to administer medication [*Id.*]. They allege that they "were not permitted to leave their respective houses except for the time spent in transporting clients to and from their schools or other locations, such as to attend AA meetings, and for the time spent in transporting clients to doctor's appointments, etc., on a 24-hours a day, seven days a week basis" [*Id.* ¶ 23].

In addition, Plaintiffs state that "Defendants took a credit against the wages (including overtime wages) of Plaintiffs and those similarly situated in exchange for their lodging under 29 U.S.C. [§] 203(m)" [*Id.* ¶ 26]. They state that Defendants should not have applied this credit for several reasons:

(a) Defendant[s] failed to maintain adequate and accurate records of the costs incurred in providing such lodging;

(b) The Section 203(m) credit applied by Defendants against the wages of Plaintiffs and those similarly situated far exceeded the value of such lodging; and,

(c) The lodging provided Plaintiffs and those similarly situated was for the benefit of Defendants rather than for the benefit of Plaintiffs and those similarly situated. (For example, Plaintiffs were required to remain at their respective houses each day except for the time in transporting patients to and from schools and other locations seven days a week, within weekly pay periods during all times material.)

[*Id.* ¶ 26(a)–(c)]. Plaintiffs claim that "Defendants knew they were not compensating [them] and those similarly situated for their compensable straight and overtime work at the applicable FLSA

3

minimum and overtime rates of pay within weekly pay periods" [*Id*. ¶ 27]. And they did not record Plaintiffs' compensable time [*Id*. ¶ 28]. Plaintiffs include allegations relating to those whom were similarly situated [*Id*. ¶¶ 37–52].

Based on the above, Plaintiffs allege that Defendants violated the FLSA by improperly taking the § 203(M) credit, failing to pay them minimum wage, and failing to pay them overtime rates [*Id*. ¶¶ 53–66].

The proofs of service show that Plaintiffs personally served Defendants on October 23, 2023 [Docs. 13, 14, and 15]. Defendants did not respond to the lawsuit, and Plaintiffs moved for entry of default [Doc. 20]. On January 2, 2024, the Clerk entered defaults against Defendants [Docs. 21, 22, 23]. On March 19, 2024, Plaintiffs filed a motion for default judgment, seeking that judgment be entered under Rule 55(b)(1) of the Federal Rules of Civil Procedure [Doc. 26]. On June 24, 2024, United States District Judge Collier denied that motion without prejudice for refiling under Rule 55(b)(2) [Doc. 27].

On September 11, 2024, Plaintiffs filed their Second Motion for Default Judgment pursuant to Rule 55(b)(2) seeking that Defendants be found liable for violating the FLSA and requesting that the Court set a hearing to determine damages [Doc. 29]. The undersigned ordered Defendants to appear on October 24, 2024, but also noted that Plaintiffs should be prepared to proceed with their damages request at the hearing [Doc. 33].

On October 24, 2024, Attorney Leatherwood appeared on behalf of Plaintiffs. Defendants did not appear. During the hearing, the Court inquired how Plaintiffs propose proceeding with Nicole Menard's claim given that this case has never been certified as a collective action. Specifically, the undersigned inquired whether it would be appropriate for Plaintiffs to file an amended complaint. Attorney Leatherwood requested seven days to address this issue and to file

an appropriate motion, which the undersigned granted. It has been more than seven days, and Plaintiffs have not filed anything.

**II.    ANALYSIS**

Generally, "[o]nce the Clerk has entered a default against a defendant, the Court must treat all well-plead allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)). If the allegations support liability, then "'the Court should enter judgment' under Rule 55(b)(2)." *Prentice v. Transcend DVentures*, No. 1:23-CV-10011, 2023 WL 8313282, at *2 (E.D. Mich. Dec. 1, 2023) (quoting *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006)). The Court then determines the appropriate amount that should be awarded. *Id*.

The FLSA requires that every employer pay its employees a minimum wage at the rate set forth in 29 U.S.C. § 206(a)(1). It also requires employers to pay their employees for any overtime worked. 29 U.S.C. § 207(a)(1). "Specifically, the statute requires employers to compensate employees at one and one-half times their regular rate for each hour worked in excess of 40 hours per week." *Walsh v. KDE Equine, LLC*, 56 F.4th 409, 413 (6th Cir. 2022) (citing 29 U.S.C. § 207(a)(1)). To the extent employers fail to pay the appropriate wages, employees are entitled to damages, which include liquidated damages and attorney's fees. 29 U.S.C. § 216(b). "The FLSA expressly authorizes one or more employee to file suit on behalf of both themselves and 'other employees similarly situated,' a practice commonly referred to as a 'collective action.'" *Prentice*, 2023 WL 8313282, at *2 (quoting 29 U.S.C. § 216(b)).

Given that the Clerk has entered defaults against Defendants, all-well pleaded allegations in the Amended Complaint are deemed true. *AF Holdings LLC*, 976 F. Supp. 2d at 929 (citation omitted). But the Amended Complaint does not include any allegations about Nicole Menard, "so

5

there are no well-pleaded allegations as to [her] that can be deemed as admitted by Defendants." *Prentice*, 2023 WL 8313282, at *3. Determining whether an employee is similarly situated is fact intensive. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). There are no facts before the Court to determine whether she is similarly situated to Plaintiffs [*See* Doc. 6]. "'Because the opt-in plaintiffs are not named plaintiffs in the complaint and there are no allegations in the complaint to support claims that defendants failed to pay each of these opt-in plaintiffs . . . in violation of the FLSA, the pleadings do not support default judgment in the opt-in plaintiffs' favor.'" *Prentice*, 2023 WL 8313282, at *3 (omission in original) (quoting *Hendrickson v. Hall*, No. 3:22-CV-2930, 2023 WL 8000293, at *4 (N.D. Tex. Sept. 29, 2023)).

When faced with such circumstances, many courts deny the motion for default judgment but allow plaintiffs to renew it after they serve defendants with an amended complaint, which should include "well-pleaded allegations as to each opt-in Plaintiff." *Id*.; *see also Rodney v. Digital Media, Inc.*, No. 1:18-CV-1644, 2019 WL 5106277, at *4 (N.D. Ga. Sept. 11, 2019) ("'[I]n such a posture as this—where default judgment is sought on behalf of unnamed opt-in plaintiffs, absent certification of a class or collective action,' other courts have held that 'plaintiffs should first amend the complaint to add the opt-in plaintiffs as named plaintiffs and should duly serve the amended complaint on defendants to afford them the chance to respond.'" (quoting *Tejada v. La Selecta Bakery, Inc.*, No. 17CV5882, 2019 WL 2343909, at *2 (E.D.N.Y. May 1, 2019))), *report and recommendation adopted*, No. 17CV5882, 2019 WL 2341680 (E.D.N.Y. June 3, 2019); *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 118–19 (E.D.N.Y. 2011) ("[I]f individuals opt-in to this action and seek to be added as parties, [the p]laintiffs will be required to

amend their Complaint to add these individuals. The amended complaint should then be served on [the d]efendants so that they may have an opportunity to respond.").[1]

The undersigned therefore declines to recommend that the District Judge enter a default judgment against Defendants at this time. The Amended Complaint names only Monika Stafford and Hannah Daugherty as Plaintiffs; it does not name Nicole Menard. And the named Plaintiffs did not move to certify this case as a collective action. While an opt-in plaintiff is a party once she files her consent, "there is no indication that [Defendants] received the Opt-in Plaintiff[']s consent[]." *Rodney*, 2019 WL 5106277, at *4 (citation omitted). Because Defendants were not given sufficient notice of Nicole Menard's claim, the undersigned recommends that the District Judge deny Plaintiffs' request at this time.

## III. CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[2] that the District Judge deny Plaintiffs' Motion for Default Judgment [**Doc. 29**] without prejudice to renew and *sua sponte* grant Plaintiffs leave to file an amended complaint that includes the claims of the opt-in Plaintiff, which should be served on Defendants.

---

[1] While courts have authority to enter default judgment on behalf of the named plaintiffs, they often decline to do so "'due to the uncertainty as to whether the court could continue to adjudicate the FLSA collective action after having to do.'" *Rodney*, 2019 WL 5106277, at *4 (quoting *Tejada*, 2019 WL 2343909).

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Tchrs.*, 829 F.2d 1370 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to send Defendants a copy of this Report and Recommendation at the address provided in the record [Docs. 13–15].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge